**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY HOVANEC | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MRS BPO, LLC | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff seeks redress in this action for defendant's debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and for defendant's practice of making unauthorized phone calls to cellular telephones under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. ("TCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. The TCPA prohibits unsolicited voice calls cell phones.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, 15 U.S.C. § 1692k(d) (FDCPA), and 47 U.S.C. §227 (TCPA). Venue in this District is proper because plaintiff resides here and defendant transacts business here.

**PARTIES**

3.      Plaintiff Kimberly Hovanec resides in Chicago, Illinois.

4.      Defendant MRS BPO, LLC (MRS) is a New Jersey limited liability company with Illinois Corporation Service Company located at 801 Adlai Stevenson Drive, Springfield IL

62703 as its registered agent in Illinois.

5.     Defendant regularly uses the mail and telephone to attempt to collect consumer debt and is a debt collector under the FDCPA.

## FACTS

6.     Plaintiff was the victim of identity theft and many lines of credit and other accounts were opened in plaintiff's name without plaintiff's authorization.

7.     Plaintiff is not delinquent on any credit or payment obligation which plaintiff authorized.

8.     Upon information and belief, plaintiff never authorized the account on which Defendant is attempting to collect.

9.     On or around August 2, 2010, a Katie from MRS telephoned plaintiff and left a voice message for Plaintiff on plaintiff's cellular phone.

10.     During this communication, Katie failed to disclose the identity of the company from which Katie was calling and failed to disclose that Katie was a debt collector calling to collect a debt.

11.     At the time of this communication, plaintiff had never provided defendant with authorization to telephone plaintiff's cellular phone.

12.     Defendant failed to send Plaintiff written notification of Plaintiff's alleged indebtedness to defendant and plaintiff's right to dispute defendant's allegation within five(5) days of defendant's above referenced initial communication to plaintiff.

13.     On September 22, 2010, an Alex from MRS left a voice message for plaintiff on plaintiff's cellular phone.

14.     During this communication, Alex failed to disclose the identity of the

2

company from which Alex was calling and failed to disclose that Alex was a debt collector calling to collect a debt.

15.     At the time of this communication, plaintiff had never provided defendant with authorization to telephone plaintiff's cellular phone.

16.     On September 27, 2010, a Terry from MRS left a voice message for plaintiff on plaintiff's cellular phone.

17.     During this communication, Terry failed to disclose the identity of the company from which Terry was calling and failed to disclose that Terry was a debt collector calling to collect a debt.

18.     At the time of this communication, plaintiff had never provided defendant with authorization to telephone plaintiff's cellular phone.

19.     On November 18, 2010, a Jennifer from MRS left a voice message for plaintiff on plaintiff's cellular phone.

20.     During this communication, Jennifer failed to disclose the identity of the company from which Jennifer was calling and failed to disclose that Jennifer was a debt collector calling to collect a debt.

21.     At the time of these communication, plaintiff had never provided defendant with authorization to telephone plaintiff's cellular phone.

22.     As of the date of filing this lawsuit, plaintiff has not received written notification of the alleged indebtedness.

## COUNT I - FDCPA

23.     Plaintiff incorporates the above factual allegations herein.

24.     Defendant's practice of calling debtors and leaving voice-messages that do

3

not disclose that the message is from a debt collector violates the FDCPA. *Foti v NCO Fin. Sys. Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

25.     Defendant's practice of calling debtors and leaving voice messages that do not meaningfully disclose the identity of the company from which the message was left violates the FDCPA.

26.     Defendant violated the FDCPA 15 U.S.C. §§ 1692e and 1692f by leaving voice-messages that do not disclose that the message is from a debt collector.

27.     Defendant violated the FDCPA 15 U.S.C. §§ 1962d(6) by leaving voice messages that do not meaningfully disclose the identity of the caller.

## CLASS ALLEGATIONS

28.     Plaintiff brings this claims on behalf of a class.

29.     The message class consists of all natural persons in the state of Illinois to whom defendant left voice-messages that do not disclose that the message is from a debt collector on or after a date one year prior to the filing of this action (15 U.S.C. 1962) and on or before a date 20 days following the filing of this action.

30.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

31.     There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's actions violate the FDCPA.

32.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

33.     Plaintiff will fairly and adequately represent the interests of the class

4

members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

34. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

      a.     Statutory damages;

      b.     Attorney's fees, litigation expenses and costs of suit;

      c.     Such other or further relief as the Court deems appropriate.

### COUNT II - FDCPA

35. Plaintiff incorporates the above factual allegations herein.

36. Defendant's failure to send written notification of plaintiff's alleged indebtedness to plaintiff within five(5) days of the initial communication to plaintiff violates § 1692g.

### CLASS ALLEGATIONS

37. Plaintiff brings this claims on behalf of a class.

38. The 1692g notice class consists of all natural persons in the state of Illinois to whom defendant failed to send written notification of the alleged indebtedness to them within five(5) days of the initial communication to them on or after a date one year prior to the filing of this action (15 U.S.C. 1962) and on or before a date 20 days following the filing of this action.

39. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

40. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members.

The predominant common question is whether defendant's actions violate the FDCPA.

41.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

42.     Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

a.     Statutory damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.     Such other or further relief as the Court deems appropriate.

## COUNT III - TCPA (CELLULAR CALLS)

44.     Plaintiff incorporate the above factual allegations herein.

45.     Defendant made unsolicited commercial phone calls to the wireless telephone number of plaintiff and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

46.     These phone calls were made without the prior express consent of plaintiff or the class.

47.     Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a

6

call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

48.     Because defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the plaintiff and the class.

## CLASS ALLEGATIONS

49.     The TCPA class consists of all non-debtors whom CPS contacted on their cellular phones by using an automatic dialing system on or before a date 20 days following the filing of this action and after a date four years prior to the filing of this action.

50.     The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

51.     There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's actions violate the TCPA.

52.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

53.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in TCPA class actions.

54.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

a.  Statutory damages;

b.  Attorney's fees, litigation expenses and costs of suit;

c.  Such other or further relief as the Court deems appropriate.

Respectfully submitted,
Kimberly Hovanec, Plaintiff

/s/ Keith J. Keogh
By Her attorney

Keith J. Keogh
Ainat Margalit
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois   60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh

NOTICE OF ATTORNEY'S LIEN

PLEASE TAKE NOTICE that plaintiff, Kimberly Hovanec (hereinafter referred to as Claimant) has placed in our hands for suit or collection a certain suit, claim, demand or cause of action as a result of the actions of the defendant as set out in the attached complaint. You are hereby notified that said Claimant has entered into a contract with us to pay as compensation for services rendered in and about the prosecution of said suit, claim, demand or cause of action, a sum equal to our fees or one-third of any amount recovered by way of suit settlement, adjustment or otherwise plus expenses.

YOU ARE FURTHER NOTIFIED that by virtue of the Attorney's Lien Law of Illinois, Chapter 13, Illinois Revised Statutes, Section 14, as amended, we claim a lien to the extent of our interest, as above set forth in said claim, demand, suit or cause of action, which lien by virtue of said law, attached to any verdict, judgment or order entered and to any money or property which may be recovered on account of such suit, claim, demand or cause of action, from and after service of this Notice.

By:/s/Keith J. Keogh
Attorney for Claimant

9