**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY HOVANEC | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-07672 |
| | ) | |
| MRS BPO, LLC, | ) | Honorable Elaine Bucklo |
| | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION[1]

Plaintiff, Kimberly Hovanec, respectfully request that this Court enter an order determining that this action may proceed on behalf of three classes against MRS BPO, LLC. ("MRS") .

The message class consists of all natural persons in the state of Illinois to whom defendant left voice-messages that do not disclose that the message is from a debt collector on or after December 2, 2009 (15 U.S.C. 1962) and on or before December 22, 2010.

The 1692g notice class consists of all natural persons in the state of Illinois to whom defendant failed to send written notification of the alleged indebtedness to them within five(5) days of the initial communication to them on or after December 2, 2009 (15 U.S.C. 1962) and on or before December 22, 2010.

The Telephone Consumer Protection Act ("TCPA") class consists of all non-debtors whom CPS contacted on their cellular phones by using an automatic dialing system on or after December 2, 2006 and on or before December 22, 2010.

---

[1] Plaintiff's motion is being filed at this juncture to preserve the putative class claims and avoid defendant attempting to moot the named plaintiff's claims.

Plaintiff also requests that she be named as class representatives and Keith J. Keogh be appointed counsel for the class. In support of this motion, plaintiff states:

## A.    NATURE OF THE CASE

1.    Kimberly Hovanec, bring this class action complaint against defendant, MRS, to stop defendant's practice of (1) making unauthorized phone calls to cellular telephones (TCPA class); (2) failing to meaningfully identify the call is from a debt collector in violation of the Fair Debt Collection Practices Act ("FDCPA") (Message Class); (3) failing to send written notification of the alleged indebtedness (1692g class) and to obtain redress for all persons injured by its conduct.

2.    Ms. Hovanec is a victim of Identity theft.

3.    Ms Hovanec's cellular telephone number was provided to numerous credit granting institutions without Ms Hovanec's knowledge or authorization.

4.    MRS is attempting to collect an alleged debt which was opened without Ms Hovanec's knowledge or authorization.

5.    On August 2, 2010, September 22, 2010, September 27, 2010, October 28, 2010 and November 18, 2010, MRS left voice mail messages on Ms Hovanec cellular telephone. These messages failed to disclose the collectors were calling from MRS or that MRS was a collection agency calling to collect a debt.

6.    Ms Hovanec never agreed to the receipt telephone calls on Ms Hovanec's cellular telephone.

7.    In addition, MRS failed to send plaintiff written notification of the alleged indebtedness as required by §1692g.

2

### B.    REQUIREMENTS FOR CLASS CERTIFICATION

8.    All requirements of Rule 23 of the Federal Rules of Civil Procedure have  been met.

9.    The classes are so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a)(1).  According to defendant's website, defendant has multiple locations in numerous states with the Westerville, Ohio location alone being staffed by 350 employees making these types of collection calls. Due to defendant's size and the repeated calls to plaintiff's cellular telephone, and the regularity with which defendant's employees failed to meaningfully disclosure defendant's identity and the nature of defendant's call, numerosity will be satisfied.  At this point, it is not necessary that the precise number of class members be known:  "A class action may proceed upon estimates as to the size of the proposed class." In re Alcoholic Beverages Litigation, 95 F.R.D. 321, 324 (E.D.N.Y. 1982).   The court may "make common sense assumptions in order to find support for numerosity."  Evans v. United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . .  Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable."  2 Newberg on Class Actions (3d ed. 1992), §7.22.A.

10.    The exact number of class members will be sought in discovery.  Plaintiff requests  a briefing schedule long enough to permit that discovery to be taken as well as leave to file a memorandum of law in support of class certification after such discovery is taken.

11.    There are questions of fact or law common to the class, which predominate over

any questions affecting only individual members. Fed.R.Civ.P. 23(a)(2), Fed.R.Civ.P. 23(a)(3). These common questions include

      A.     Whether defendant violated the TCPA by making calls to cellular telephones.

      B.     Whether defendant violated the FDCPA by leaving voice messages while failing to disclose that defendant's identity or that was a debt collector calling to collect a debt.

      C.     Whether defendant violated the FDCPA by failing to send written notification of the alleged debt as required by §1692g.

12.    Plaintiff will fairly and adequately protect the interests of the members of the class. Fed.R.Civ.P. 23(a)(4). Plaintiff has no conflicting interests with the class, and is seeking relief on the behalf of members of the class. Plaintiff has retained counsel who are experienced in pursuing class actions on the behalf of consumers under the TCPA. Plaintiff's counsel's qualifications are set forth in *Exhibit 1*.

13.    A class action is a superior method for the fair and efficient adjudication of this case. Fed.R.Civ.P. 23(b)(3). The claims brought by plaintiff is shared by hundreds, if not thousands, of consumers. Fed.R.Civ.P. 23(a)(3). The resolution of all claims held by members of the class in a single proceeding would promote judicial efficiency. Furthermore, members of the class may not be aware of their rights under the law to recover from defendant's practices.

14.    Numerous courts have certified class actions under the TCPA. *Hinman v. M and M Rental Center* Inc., 545 F. Supp. 2d 802 (N.D. Ill. 2008); *Brill v. Countrywide Home Loans, Inc.,* 05 C 2713 (N.D. Ill. June 28, 2006); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); *Transportation Institute v. Promo Dart, Inc.*, No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); *Kavu, Inc. v. Omnipak Corporation*, 2007 U.S. Dist. LEXIS 5207, at *22-23 (W.D.

Wash. Jan. 23, 2007); *Gene & Gene, LLC v. Biopay, LLC*, 2006 U.S. Dist. LEXIS 95082 (M.D. La. Dec. 20, 2006); *Rawson v. C.P. Partners d/b/a Comfort Inn-O'Hare*, 03 CH 15165 (Cook Co. Cir. Ct.); *Telecommunications Design Network v. McLeodUSA, Inc.*, 03 CH 8477 (Cook Co. Cir. Ct.); *CE Design v. The Trade Show Network Marketing Group, Inc.*, No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH14510 (Cook Co. Cir. Ct.); *Bogot v. Olympic Funding Chicago*, No. 03 CH 11887 (Cook Co. Cir. Ct.)

25. Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As a result, numerous FDCPA class actions have been certified. *E.g. Wahl v. Midland Credit Management*, 243 F.R.D. 291 (N.D.Ill 2007); *Lucas v. GC Services*, 226 F.R.D. 337 (N.D.Ind. 2005); *Keele v. Wexler & Wexler*, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill., March 18, 1996), *aff'd*, 149 F. 3d 589 (7th Cir. 1998); *Avila v Van Ru Credit Corp.*, 1995 U.S. Dist. LEXIS 461 (N.D. Ill. 1995), *aff'd*, 84 F. 3d 222 (7th Cir. 1995).

WHEREFORE, plaintiff respectfully requests that this Court enter to enter and continue this motion until defendant responds to class discovery, grant plaintiff leave to file a memorandum of law in support of class certification and subsequently an order certifying the class set forth above.

Respectfully Submitted,

s/ Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Ainat Margalit
KEOGH LAW, LTD.
101 N. Wacker, Dr., Ste. 605
Chicago, Il. 60606
312.726.1092/312.726.1093 (fax)
Keith@KeoghLaw.com

5

# EXHIBIT 1

## DECLARATION OF KEITH J. KEOGH

Keith J. Keogh declares under penalty of perjury, as provided for by §1-109 of the Illinois Code of Civil Procedure, that the following statements are true:

Keogh Law, Ltd. focuses on consumer protection cases for both individuals and class actions. I am a shareholder of the firm and member of the bars of the United States Court of Appeals for the Seventh Circuit, Northern District of Illinois, Southern District of Indiana, and Illinois State Bar as well as several bar associations and the National Association of Consumer Advocates.

I was lead counsel in the following class settlements: *Saf-T-Gard v Seiko*, 09 C 776 (N.D. Ill. Judge Bucklo) (Pending Final Approval); *Bilek v Countrywide*, 08 C 498 (N.D. Ill. Judge Gottschell); *Pacer v Rochenback*, 07 C 5173 (N.D. Ill. Judge Cole); *Overlord Enterprises* v. *Wheaton Winfield Dental Associates*, 04 CH 01613, Circuit Court Cook County (Judge McGann); *Whiting v SunGard*, 03 CH 21135, Circuit Court Cook County (Judge McGann); *Whiting* v. *Golndustry*, 03 CH 21136, Circuit Court Cook County (Judge McGann). I was co-lead counsel in *Saf-T-Gard* v. *Metrolift*, 07 CH 1266, Circuit Court Cook County (Judge Rochford) and the attorney primarily responsible for the following class settlements: *Wollert* v. *Client Services*, 2000 U.S. Dist. LEXIS 6485 (N.D. Ill. 2000); *Rentas* v. *Vacation Break USA*, 98 CH 2782, Circuit Court of Cook County (Judge Billik); *McDonald* v. *Washington Mutual Bank*, supra; *Wright* v. *Bank One Credit Corp.*, 99 C 7124 (N.D. Ill. Judge Guzman); *Arriaga* v. *Columbia Mortgage*, 01 C 2509 (N.D. Ill. Judge Lindberg); *Frazier* v. *Provident Mortgage*, 00 C 5464 (N.D. Ill. Judge Coar); *Largosa* v. *Universal Lenders*, 99 C 5049 (N.D. Ill. Judge Leinenweber); *Arriaga* v. *GNMortgage*, (N.D. Ill. Judge Holderman); *Williams* v. *Mercantile Mortgage*, 00 C 6441 (N.D. Ill. Judge Pallmeyer); *Reid* v. *First American Title*, 00 C 4000 (N.D. Ill. Magistrate Judge Ashman); *Fabricant* v. *Old Kent*, 99 C 6846 (N.D. Ill. Magistrate Judge Bobrick); *Mendelovits* v. *Sears*, 99 C 4730 (N.D. Ill. Magistrate

Judge Brown); *Leon* v. *Washington Mutual,* 01 C 1645 (N.D. Ill. Judge Alesia).

The individual class members' recovery in some of these settlements was substantial. For example, in one of the cases against a major bank the class members' recovery was 100% of their actual damages resulting in a payout of $1,000 to $9,000 per class member. In another case against a major lender regarding mortgage servicing responses, each class member who submitted a claim form received $1,431. *McDonald v. Washington Mutual Bank.*

In addition, to the above settlements, I was appointed class counsel in *Smith v Greytsone Alliance,* 09 CV 5585 (N.D. Ill. 2010); *Cicilline* v. *Jewel Food Stores, Inc.,* 542 F.Supp.2d 831 (N.D.Ill. 2008)(Co-Lead Counsel); *Harris* v. *Best Buy Co.,* 07 C 2559,2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008); *Matthews* v. *United Retail, Inc.,* 248 F.R.D. 210 (N.D.Ill. 2008) *Redmon* v. *Uncle Julio's, Inc.,* 249 F.R.D. 290 (N.D.Ill. 2008); *Harris* v. *Circuit City Stores, Inc.,* 2008 U.S. Dist. LEXIS 12596,2008 WL 400862 (N.D. Ill. 2008); *Pacer* v *Rockenbach Chevrolet Sales, Inc.,* 07 C 5173 (N.D. Ill. 2008).

Some reported cases of mine involving consumer protection include: *Gburek v Litton Loan,* ___ F.3d ___, 2010 U.S. App. LEXIS 15346 (7th Cir. 2010); *Sawyer v. Ensurance Insurance Services* consolidated with *Killingsworth* v. *HSBC Bank Nev., NA.,* 507 F3d 614, 617 (7th Cir. 2007), *Echevarria et al.* v. *Chicago Title and Trust Co.,* 256 F3d 623 (7th Cir. 2001*); Demitro* v. *GMAC,* 388 Ill. App. 3d 15, 16 (lst Dist. 2009); *Hill* v. *St. Paul Bank,* 329 Ill. App. 3d 7051, 1768 N.E.2d 322 (lst Dist. 2002); *In re Mercedes-Benz Tele Aid Contract Litig., 2009* U.S. Dist. LEXIS 35595 (D.N.J. 2009); *Catalan v. RBC Mortg. Co.,* 2009 U.S. Dist. LEXIS 26963 (N.D. Ill. 2009); *Elkins* v. *Equifax, Inc.,* 2009 U.S. Dist. LEXIS 18522 (N.D. Ill. 2009*); Harris* v. *DirecTV Group, Inc.,* 2008 U.S. Dist. LEXIS 8240 (N.D. Ill. 2008); *In re TJX Cos., Inc., Fair & Accurate Credit Transactions Act* (FACTA) Litig., 2008 U.S. Dist. LEXIS 38258 (D. Kan. 2008); *Martin v. Wal-Mart Stores, Inc.,*

2007 U.S. Dist. LEXIS 89715 (N.D. Ill. 2007); *Elkins* v. *Ocwen Fed. Sav. Bank Experian Info. Solutions, Inc.,* 2007 U.S. Dist. LEXIS 84556 (N.D. Ill. 2007); *Harris* v. *Wal-Mart Stores, Inc.,* 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. *2007); Stegvilas* v. *Evergreen Motors, Inc.,* 2007 U.S. Dist. LEXIS 35303 (N.D. Ill. 2007); *Cook* v. *River Oaks Hyundai, Inc.,* 2006 U.S. Dist. LEXIS 21646 (N. D. Ill. 2006); *Gonzalez* v. *W. Suburban Imps.,* Inc., 411 F. Supp. 2d 970 (N.D. Ill. 2006); *Eromon* v. *GrandAuto Sales, Inc.,* 333 F. Supp. 2d 702 (N.D. Ill. 2004); *Williams* v. *Precision Recovery, Inc.,* 2004 U.S. Dist. LEXIS 6190 (N.D. Ill. 2004); *Doe* v. *Templeton,* 2003 U.S. Dist. LEXIS 24471 (N.D. Ill. 2003); *Ayala* v. *Sonnenschein Fin. Servs.,* 2003 U.S. Dist. LEXIS 20148 (N.D. Ill. 2003); *Gallegos* v. *Rizza Chevrolet, Inc., 2003* U.S. Dist. LEXIS 18060 (N.D. Ill. 2003); *Szwebel* v. *Pap's Auto Sales, Inc.,* 2003 U.S. Dist. LEXIS 13044 (N.D. Ill. 2003); *Johnstone* v. *Bank of America,* 173 F. Supp.2d 809 (N.D. Ill. 2001); *Leon* v. *Washington Mutual Bank,* 164 F. Supp.2d 1034 (N.D. Ill. 2001); *Ploog* v. *HomeSide Lending,* 2001 WL 987889 (N.D. Ill. 2001); *Christakos* v. *Intercounty Title,* 196 F.R.D. 496 (N.D. Ill. 2000); *Batten* v. *Bank One,* 2000 WL 1364408 (N.D. Ill. 2000); *McDonald* v. *Washington Mutual Bank,* 2000 WL 875416 (N.D. Ill. 2000); and *Williamson* v. *Advanta Mtge Corp.,* 1999 U.S. Dist. LEXIS 16374 (N.D. Ill. 1999). The *Christakos* case significantly broadened title and mortgage companies' liability under Real Estate Settlement Procedures Act ("RESPA") and *McDonald* is the first reported decision to certify a class regarding mortgage servicing issues under the Cranston-Gonzales Amendment of RESPA.

I have argued before the Seventh Circuit, the First District of Illinois and the MultiLitigation Panel in *Catalan* v *GMACM* , 09-2182 (7th Cir. 2010); *Gburek* v *Litton Loan Servicing* (7th Cir. 2009); *Sawyer* v *Esurance* (7th Cir. 2007), *Echevarria, et al.* v. *Chicago Title and Trust Co.* (7th Cir. 2001); *Morris* v *Bob Watson,* (lst. Dist. 2009); *Iverson* v *Gold Coast Motors Inc.,* (lst. Dist. 2009); *Demitro* v. *GMAC* (lst Dist. 2008), *Hill v. St. Paul Bank* (lst Dist. 2002), and *In Re: Sears, Roebuck*

& *Company Debt Redemption Agreements Litigation* (MDL Docket No. 1389.) *Echevarria* was part

of a group of several cases that resulted in a nine million dollar settlement with Chicago Title.

My published works include co-authoring and co-editing the 1997 supplement to *Lane's*

*Goldstein Trial Practice Guide* and *Lane's Medical Litigation Guide.*

I have taught *Defenses to Foreclosures* for Lorman Education Services, which was approved

for CLE credit, in 2008 and 2010 and I was a guest lecturer on privacy issues at University of Illinois

at Urbana-Champaign School of Law.  In March 2010, I was invited to speak by the Student Legal

Services Office of The Graduate School and Kellogg MBA Program at Northwestern University for

its seminar titled: "Financial Survival Guide: Legal Strategies for Graduate Students During A

Period of Economic Uncertainty."

I was selected as a 2008, 2009 and 2010 Illinois Super Lawyer Rising Star and my cases have

been featured in local newspapers such as the Chicago Tribune, Chicago Sun-Times, The Naperville

Sun, Daily Herald and RedEye.

In November 2008, Ainat Margalit joined the firm. Prior to joining the firm, she worked as

an Assistant Attorney General in the Civil Appeals Division of the Office of the Attorney General.

While representing a wide variety of State agencies, she wrote nearly thirty appellate briefs on

diverse issues such as the ADA, labor relations, employment discrimination, tax law, civil procedure,

criminal procedure, civil rights, sovereign immunity, FOIA, *mandamus* and administrative law.

Some notable decisions include:

> *Esmail* v. *the Department of Revenue,* 371 Ill. App. 3d 778 (2nd Dist. 2007) (The court found
>
> that the statutory requirement to file bond in administrative review of an assessment of
>
> penalty for personal liability for sales tax delinquency was mandatory.)
>
> *The Most Worshipful Grand Lodge of Ancient Free and Accepted Masons* v. *the Department*

*of Revenue,* 378 Ill. App. 3d 1069, (4th Dist. 2007) (The court denied a charitable tax exemption for assisted living units owned by the plaintiff, finding that the units had not met the requirements set forth in *Methodist Old People's Home* v. *Korzen)*

*Harvey Park District* v. *the American Federation of Professionals,* 2008 Ill. App. LEXIS 974 (4th Dist. 2008) (Matter of first impression finding that, absent any indications to the contrary, negotiators of a collective bargaining agreement did not have apparent authority to bind their principals in a collective bargaining agreement.)

Prior to her service with the Office of the Attorney General, she had a clerkship with Judge Patrick E. McGann in the Chancery Division of the Cook County Circuit Court for over two years. In addition, she was an appellate clerk with Judge Stephen Adler, President of the National Labor Court of Israel, Jerusalem, Israel (The National Labor Court is the appellate and highest instance of the Israeli Labor Court system).

Her published work includes: (along with Zack Kertcher) "Challenges to Authority, Burden of Legitimization: The Printing Press and the Internet." *International Journal of Communications Law and Policy 10.*

Mrs. Margalit is a 2003 graduate of Chicago-Kent, College of Law. She also received a L.L.B in 2000 and a BA. in Political Science in 1996 from Tel Aviv University, Tel Aviv, Israel.

Executed at Chicago, Illinois, on December 3, 2010.

Keith J. Keogh