**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY HOVANEC, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Elaine E. Bucklo |
| | ) | |
| -vs- | ) | Case No.: 10 CV 07672 |
| | ) | |
| MRS BPO, LLC, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant MRS BPO, LLC ("MRS") by and through undersigned counsel, and for its answer to Plaintiff's complaint, states as follows:

1. Plaintiff seeks redress in this action for defendant's debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and for defendant's practice of making unauthorized phone calls to cellular telephones under the Telephone Consumer Protection ct, 47 U.S.C. § 227, et seq, ("TCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. The TCPA prohibits unsolicited voice calls cell phones.

**Answer:** **MRS admits that Plaintiff purports to bring an action seeking redress for alleged violations of the TCPA and the FDCPA, but denies that this action meets the requirements of a class action and further denies any liability, violations, and wrongdoing under the law.**

2.  This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), § 1337, 15 U.S.C. § 1692k(d) (FDCPA), and 47 U.S.C. § 227 (TCPA). Venue in this District is proper because plaintiff resides here and transacts business here.

**Answer:   MRS admits the allegations of ¶ 2 for jurisdictional and venue purposes only.**

3.  Plaintiff Kimberly Hovanec resides in Chicago, Illinois.

**Answer:   MRS is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 3, which has the effect of a denial.**

4.  Defendant MRS BPO, LLC (MRS) is a New Jersey limited liability company with Illinois Corporation Service Company located at 801 Adlai Stevenson Drive, Springfield IL 62703 as its registered agent in Illinois.

**Answer:   MRS admits the allegations of ¶ 4.**

5.  Defendant regularly uses the mail and telephone to attempt to collect consumer debt and is a debt collector under the FDCPA.

**Answer:   MRS admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692a(6), that certain of its activities are regulated by the FDCPA. Except as specifically admitted, MRS denies the allegations of ¶ 5.**

6.  Plaintiff was the victim of identity theft and many lines of credit and other accounts were opened in plaintiff's name without plaintiff's authorization.

**Answer:   MRS is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 6, which has the effect of a denial.**

7. Plaintiff is not delinquent on any credit or payment obligation which plaintiff authorized.

**Answer:  MRS is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 7, which has the effect of a denial.**

8. Upon information and belief, plaintiff never authorized the account on which Defendant is attempting to collect.

**Answer:  MRS is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 8, which has the effect of a denial.**

9. On or around August 2, 2010, a Katie from MRS telephoned plaintiff and left a voice message for Plaintiff on plaintiff's cellular telephone.

**Answer:  MRS admits only that its records reflect that it placed a call to and left a message for plaintiff on August 2, 2010. Except as specifically admitted, MRS is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of ¶ 9, which has the effect of a denial.**

10. During this communication, Katie failed to disclose the identity of the company from which Katie was calling and failed to disclose that Katie was a debt collector calling to collect a debt.

**Answer:  MRS is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 10, which has the effect of a denial.**

11. At the time of this communication, plaintiff had never provided defendant with authorization to telephone plaintiff's cellular telephone.

**Answer:  MRS denies the allegations of ¶ 11 upon information and belief.**

12. Defendant failed to send Plaintiff written notification of Plaintiff's alleged indebtedness to defendant and plaintiff's right to dispute defendant's allegation within five(5) days of defendant's above referenced initial communication to plaintiff.

**Answer:** **MRS denies the allegations of ¶ 12.**

13. On September 22, 2010, an Alex from MRS left a voice message for plaintiff on plaintiff's cellular telephone.

**Answer:** **MRS admits only that its records reflect that it placed a call to and left a message for plaintiff on September 22, 2010. Except as specifically admitted, MRS is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of ¶ 13, which has the effect of a denial.**

14. During this communication, Alex failed to disclose the identity of the company from which Alex was calling and failed to disclose that Alex was a debt collector calling to collect a debt.

**Answer:** **MRS is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 14, which has the effect of a denial.**

15. At the time of this Communication, plaintiff had never provided defendant with authorization to telephone plaintiff's cellular phone.

**Answer:** **MRS denies the allegations of ¶ 15 upon information and belief.**

16. On September 27, 2010, a Terry from MRS left a voice message for plaintiff on plaintiff's cellular phone.

**Answer:** **MRS admits only that its records reflect that it placed a call to and left a message for plaintiff on September 27, 2010. Except as specifically**

admitted, MRS is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of ¶ 16, which has the effect of a denial.

17. During this communication, Terry failed to disclose the identity of the company from which Terry was calling and failed to disclose that Terry was a debt collector calling to collect a debt.

**Answer:** **MRS is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 17, which has the effect of a denial.**

18. At the time of this communication, plaintiff had never provided defendant with authorization to telephone plaintiff's cellular phone.

**Answer:** **MRS denies the allegations of ¶ 18 upon information and belief.**

19. On November 18, 2010, a Jennifer from MRS left a voice message for plaintiff on plaintiff's cellular phone.

**Answer:** **MRS admits only that its records reflect that it placed a call to and left a message for plaintiff on November 18, 2010. Except as specifically admitted, MRS is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of ¶ 19, which has the effect of a denial.**

20. During this communication, Jennifer failed to disclose the identity of the company from which Jennifer was calling and failed to disclose that Jennifer was a debt collector calling to collect a debt.

**Answer:** **MRS is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 20, which has the effect of a denial.**

21. At the time of these communications, plaintiff had never provided defendant with authorization to telephone plaintiff's cellular phone.

**Answer:** **MRS denies the allegations of ¶ 21 upon information and belief.**

22. As of the date of filing this lawsuit, plaintiff has not received written notification of the alleged indebtedness.

**Answer:** **MRS denies the allegations of ¶ 22.**

### COUNT I – FDCPA

23. Plaintiff incorporates the above factual allegations herein..

**Answer:** **MRS re-alleges and re-avers its Answers to ¶ ¶ 1 - 22 as if set forth fully herein.**

24. Defendant's practice of calling debtors and leaving voice-messages that do not disclose that the message is from a debt collector violates the FDCPA. *Foti v. NCO Fin. Sys. Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

**Answer:** **MRS denies having a practice of calling debtors and leaving voice messages that do not disclose that the communication is from a debt collector, and denies that its conduct violates the FDCPA as alleged in ¶ 24.**

25. Defendant's practice of calling debtors and leaving voice messages that do not meaningfully disclose the identity of the company from which the message was left violates the FDCPA.

**Answer:** **MRS denies having a practice of calling debtors and leaving voice messages that do not meaningfully disclose the company's identity, and denies that its conduct violates the FDCPA as alleged in ¶ 25.**

26. Defendant violated the FDCPA 15 U.S.C. §§ 1692e and 1692f by leaving voice-messages that do not meaningfully disclose the identity of the caller.

**Answer:** **MRS denies the allegations in ¶ 26.**

27. Defendant violated the FDCPA 15 U.S.C. § 1962(6) by leaving voice messages that do not meaningfully disclose the identity of the caller.

**Answer:** **MRS denies the allegations in ¶ 27.**

## CLASS ALLEGATIONS

28. Plaintiff brings this claim on behalf of a class.

**Answer:** **MRS admits that Plaintiff purports to bring this claim as a class action, but denies that this action or Plaintiff's proposed class definition meets the requirements of Fed. R. Civ. P. 23.**

29. The message class consists of all natural persons in the State of Illinois to whom defendant left voice-messages that do not disclose that the message is from a debt collector on or after a date one year prior to the filing of this action (15 U.S.C. 1962) and on or before a date 20 days following the filing of this action.

**Answer:** **MRS denies the allegations of ¶ 29.**

30. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**Answer:** **MRS denies the allegations of ¶ 30.**

31. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual

class members. The predominant common question is whether defendant's actions violate the FDCPA.

**Answer:** **MRS denies the allegations of ¶ 31.**

32. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**Answer:** **MRS denies the allegations of ¶ 32.**

33. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**Answer:** **MRS denies the allegations of ¶ 33.**

34. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**Answer:** **MRS denies the allegations of ¶ 34.**

## COUNT II - FDCPA

35. Plaintiff incorporates the above factual allegations herein..

**Answer:** **MRS re-alleges and re-avers its Answers to ¶ ¶ 1 - 34 as if set forth fully herein.**

36. Defendant's failure to send written notification of plaintiff's alleged indebtedness to plaintiff within five (5) days of the initial communication to plaintiff violates § 1692g.

**Answer:** **MRS denies the allegations of ¶ 36.**

## CLASS ALLEGATIONS

37. Plaintiff brings this claim on behalf of a class.

**Answer:** **MRS admits that Plaintiff purports to bring this claim as a class action, but denies that this action or Plaintiff's proposed class definition meets the requirements of Fed. R. Civ. P. 23.**

38. The 1692g notice class consists of all natural persons in the state of Illinois to whom Defendant failed to send written notification of the alleged indebtedness to them within five (5) days of the initial communication to them on or after a date one year prior to the filing of this action (15 U.S.C. 1962) and on or before a date 20 days following the filing of this action.

**Answer:** **MRS denies the allegations in ¶ 38.**

39. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**Answer:** **MRS denies the allegations of ¶ 39.**

40. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's actions violate the FDCPA.

**Answer:** **MRS denies the allegations of ¶ 40.**

41. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**Answer:** **MRS denies the allegations of ¶ 41.**

42. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**Answer:** **MRS denies the allegations of ¶ 42.**

43. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**Answer:** **MRS denies the allegations of ¶ 43.**

### COUNT III – TCPA (CELLULAR CALLS)

44. Plaintiff incorporates the above factual allegations herein..

**Answer:** **MRS re-alleges and re-avers its Answers to ¶ ¶ 1 - 43 as if set forth fully herein.**

45. Defendant made unsolicited commercial phone calls to the wireless telephone number of plaintiff and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

**Answer:** **MRS denies the allegations of ¶ 45.**

46. These phone calls were made without the prior express consent of plaintiff or the class.

**Answer:** **MRS denies the allegations of ¶ 46 upon information and belief.**

47. Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States… to make any call (other than a call made for emergency purposes or made with the prior express consent of

the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…" As a result of defendant's illegal conduct, the members of the class suffered actual damages, and under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

**Answer:** **MRS denies the allegations of ¶ 47.**

48. Because defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the plaintiff and the class.

**Answer:** **MRS denies the allegations of ¶ 48.**

### CLASS ALLEGATIONS

49. The TCPA class consists of all non-debtors whom CPS contacted on their cellular phones by using an automatic dialing system on or before a date 20 days following the filing of this action and after a date four years prior to the filing of this action.

**Answer:** **MRS denies the allegations of ¶ 49.**

50. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**Answer:** **MRS denies the allegations of ¶ 50.**

51. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's actions violate the TCPA.

**Answer:** **MRS denies the allegations of ¶ 51.**

52. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**Answer:** **MRS denies the allegations of ¶ 52.**

53. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in TCPA class actions.

**Answer:** **MRS denies the allegations of ¶ 53.**

54. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**Answer:** **MRS denies the allegations of ¶ 54.**

AND NOW, in further Answer to the Complaint, defendant MRS avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the counts in the Complaint fail to state a claim against MRS upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

One or more of the claims of plaintiff or the putative class are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint herein. Alternatively, plaintiff was not the "called party", and therefore lacks standing to assert a TCPA claim.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by MRS.

## FIFTH AFFIRMATIVE DEFENSE

MRS has committed no act or omission causing damage to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

The telephone equipment used by MRS is not subject to or regulated by the TCPA.

WHEREFORE, Defendant MRS BPO, LLC respectfully requests that this answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for MRS, and for all other general and equitable relief.

Respectfully submitted,

/s/ James K. Schultz
Attorney for Defendant MRS

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
55 West Monroe St., Suite 1120
Chicago, IL 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-Mail: jschultz@sessions-law.biz

Attorney for Defendant MRS BPO, LLC

## CERTIFICATE OF SERVICE

I certify that on this 30th day of December, 2010, a copy of the foregoing Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

    Keith J. Keogh
    KEOGH LAW, LTD.
    101 N. Wacker Dr., Suite 605
    Chicago, IL 60606

    /s/ James K. Schultz
    Attorney for Defendant MRS