**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY HOVANEC | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-07672 |
| | ) | |
| MRS BPO, LLC, | ) | Honorable Elaine Bucklo |
| | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff respectfully requests that this Court enter an order to compel defendant MRS BPO, LLC. ("MRS") to supplement the responses to the requests to admit, interrogatories and provide responsive documents.

In support of this motion, the Plaintiff states:

**I. Procedural History**

1.      Kimberly Hovanec, bring this class action complaint against defendant, MRS, to stop defendant's practice of (1) making unauthorized phone calls to cellular telephones (TCPA class); (2) failing to meaningfully identify the call is from a debt collector in violation of the Fair Debt Collection Practices Act ("FDCPA") (Message Class); (3) failing to send written notification of the alleged indebtedness (1692g class) and to obtain redress for all persons injured by its conduct.

2.      On February 10, 2011, plaintiff propounded her first requests for discovery.  On March 17, 2011, MRS responded to the discovery requests, but failed to provide a single document.  As of the date of filing this motion, MRS still has not produced any documents.  A copy of MRS's response is attached as *Exhibit 1*.

II.     **Meet and Confer**

3.      On March 22, 2011, plaintiff wrote MRS pursuant to Rule 37 requesting that it produce the responsive documents it indicated would be produced and to supplement various discovery that will be set forth below.  A copy of the March 22, 2011 e-mail is attached hereto as *Exhibit 2*

4.      On April 1, 2011, plaintiff again wrote MRS asking for a response to her request to supplement.  A copy of that e-mail is attached as *Exhibit 3*.  MRS responded that it is working on supplementing, but that it would take some time and it requested a teleconference.  *Id*.  On April 4, 2011, plaintiff advised MRS that plaintiff was available to discuss on April 6, 2011 and that counsel wanted to be very clear what MRS would agree to supplement.  *Id.*

5.      The reason that plaintiff is concerned about what would be supplemented is that MRS has litigated many of the very same discovery disputes in the earlier-filed case *Mack vs. MRS Associates Inc.*, Case No. 10-cv-4244 (herein "Mack") pending before Judge Hibbler.  In that case, *MRS* at least produced discovery relating to the *Mack* plaintiff and various discovery relating to the Illinois class and its systems.  The majority of the disputed discovery in the *Mack* case dealt with MRS' affirmative defense that class members provided consent.  Along those lines, Judge Keys' ordered MRS to produce the documents relating to the issue of consent and various other discovery within 30 days of February 25, 2011.  A copy of the Transcript of that order is attached as *Exhibit 4*.  A copy of Judge Hibbler overruling MRS' objection to that order is attached as *Exhibit 5*.

6.       Because the *Mack* case was seeking discovery for a very similar Illinois class, the discovery in *Mack* would be a subset of the discovery sought in this case,

7.      In any event, MRS cancelled the meeting on April 6, 2011 due to a personal issue

2

regarding MRS' counsel. However, MRS has still not supplemented the discovery responses or produced a single document as of the date of filing this motion.

8. Thus, despite reasonable attempts by plaintiff in good faith pursuant to FRCP 37(a)(2)(A),(B) to work out an agreement concerning the discovery requests, the parties have been unable to resolve their differences.

## III. Discovery Standard

9. "[T]he discovery-deposition provisions of the Federal Rules, were intended to insure 'proper litigation' by making the trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Goldman v. Checker Taxi Co.*, 325 F. 2d 853, 855 (7th Cir. 1963) (internal citations and quotations omitted). Furthermore, complete interrogatory responses may help the parties avoid unnecessary depositions and further cost to the parties. *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 307-308 (S.D.N.Y. 1982).

10. "[D]efendants do not get to determine unilaterally the scope and timing of discovery," and objections must not only be appropriate, they must be properly supported through explanation or affidavit. *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D.Ind. 2004); *Hobley v. Burge*, 2003 U.S. Dist. LEXIS 20585, at *11 (N.D.Ill. 2003); vacated on other grounds, 433 F. 3d 946, 947 (7th Cir. 2006); *Josephs v. Harris Corp.*, 677 F. 2d 985, 992 (3rd Cir. 1982) (mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.").

11. "Rule 33 requires that a corporation furnish such information as is available from the

3

corporation itself or from sources under its control." *Brunswick Corp. v. Suzuki Motor Co., Ltd.*, 96 F.R.D. 684, 686 (E.D.Wis. 1983).

## IV.    DISCUSSION

### OVERDUE DOCUMENTS

12.    MRS has responded to many of plaintiff's discovery requests by stating that pursuant to Rule 33(d), it would produce responsive documents once a protective order was in place. *See* responses to interrogatories 2, 3, 8, 10, 21 at *Exhibit 1*.  To date, MRS has not requested a protective order and has not even sent plaintiff a draft order to see if plaintiff would agree to a protective order.  Because MRS has not answered these interrogatories, it should be compelled to do so.

13.    Similarly, even though MRS agreed to provide responsive documents, including documents relating to plaintiff, in response to requests: 1, 2, 3, 8, 9, 10,11, 12, 21, 22, 23, 25, 27 and 28, it has not done so or moved for a protective order.

14.    MRS should be compelled to produce the above responsive documents without further delay.

### CONSENT DISCOVERY

15.    MRS has filed an affirmative defense that the TCPA claim may be barred as plaintiff consented to the call. Doc 13 at p. 12. In response, plaintiff issued discovery requests seeking any evidence of consent for plaintiff or the class.  Plaintiff's requests and MRS' objection are below:

5. For each putative class member as the classes are defined in the Complaint, produce all documents that demonstrate that defendant had prior express consent to call such person through use of an automatic telephone dialing system or a system that has the capacity to autodial.

4

**Response: Objection. This request is overly broad and outside the scope of permitted discovery under Fed.R.Civ.P. 34 as these materials are beyond the care, custody or control of MRS and would be in the possession of the creditors on whose behalf MRS was placing telephone calls. See also MRS' answer to Interrogatory numbers 9, 12 and 13[1].**

26. Your entire file, including any documents or data that show consent to receive calls on cellular telephones. If you contend that a complete response to this request is impossible or impracticable, please explain why with specificity, and provide the most complete response possible.

**Response: Objection. This request is overly broad, vague, ambiguous, ill defined, and is excessive in time and scope. No such single file is maintained, and this information would be maintained in individual accounts, and with the creditor that placed the respective account with MRS.**

16.     As noted above, Judge Keys' ordered MRS to produce the documents relating to the issue of consent and various other discovery within 30 days of February 25, 2011 in the *Mack* case as it relates to Illinois putative class members. *Exhibit 4,* which was upheld by Judge Hibbler. *Exhibit 5.*

17.     A party that asserts affirmative defenses cannot later refuse to provide information and documents concerning those defenses. This has been the opinion of every court to have considered the issue.  earlier-filed case *Mack supra*; *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009)(Nolan, J.) Fed.R.Civ.P. 72 objections overruled *in toto,* without

---

[1] MRS contends that its predictive dialer is not an autodialer.  This argument is meritless because the FCC has specifically determined that the use of predictive dialing equipment is automatic telephone dialing equipment The first such occasion is in  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, FCC Release No. 03-153, 18 FCC Rcd 14014, at 14093; 2003 FCC LEXIS 3673; 29 Comm. Reg. (P & F) 830 (June 26, 2003) ("2003 TCPA Order").  In the 2003 TCPA Order, " the Commission finds that a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress."  2003 TCPA Order, ¶133, 18 FCC Rcd 14014, at 14093.

briefing, 2010 WL 308975 (N.D.Ill. Jan 13, 2010)(Guzman, J.); *Fike v. The Bureaus, Inc.*, 1:09 ]cv ]2558, transcript of proceedings (Nov. 11, 2009)(Keys, J.) *Exhibit 6* ; *Balbarin v. North Star Capital Acquisition*, LLC, 1:10 ]cv ]1846 (Nov. 9, 2010)(Cox, J.) *Exhibit 7*, class certification granted, 2010 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011), leave to interlocutory appeal class certification and discovery ruling denied (7th Cir. March 10, 2011) *Exhibit 8*; *Martin v. CCH Inc.*, 10 ]cv ] 3494 (N.D.Ill.) transcript of proceedings (Dec. 7, 2010), at 25 *Exhibit 9*.

18.     The Court should either compel MRS to produce the discovery showing it had consent to call or have its affirmative defense relating to consent be stricken.

**CLASS DISCOVERY**

19.     MRS has objected to responding to any class discovery because it claims it does not use an auto dialer and it cannot know which calls were made to cellular telephones. As noted above in footnote 1, a predictive dialer is an autodialer. As for whether the calls went to cellular telephones, MRS' records will show which fields the calls were placed, which should include a cellular telephone field. Further, for telephone numbers located in other fields, MRS can connect to a nationwide real-time number portability database, such as NeuStar, which is the primary number portability database and determine which numbers are currently cellular telephone numbers. For other numbers a cellular telephone software scrubber program can be utilized.

20.     Plaintiff is entitled to the discovery to determine on the class. *Elliott v. ITT Corp.*, 1992 U.S. Dist. LEXIS 3108 (N.D. Ill. Mar. 16, 1992), *Dickson v. Chicago Allied Warehouses*, 1993 U.S. Dist. LEXIS 12914 (N.D. Ill. Sept. 16, 1993).

21.     In addition, MRS' objection appears to be in bad faith as it produced some class

discovery in the *Mack* case. Specifically, it provided raw numbers for the TCPA Illinois class.

*See Exhibit 10*, which was an exhibit to the class certification motion in the *Mack* case (10 c 04244,

Doc. 32 Page ID #276).

22.     As such, MRS, should answer any discovery request that was not answered based on

its assertion that (1) it does not use an auto dialer or (2) it cannot determine whether the call went

to a cellular telephone.

WHEREFORE, plaintiff requests that this Court enter an order to compel defendant MRS

to supplement the responses to the requests to admit, interrogatories and document requests for (1)

Documents it asserted it would produce (interrogatories 2, 3, 8, 10, 21, document requests: 1, 2, 3,

8, 9, 10,11, 12, 21, 22, 23, 25, 27); (2) Consent Discovery and (3) Class Discovery.


Respectfully submitted,


/s/  Keith J. Keogh
Plaintiff's attorney


Keith J. Keogh
Timothy Sostrin
Keogh Law, Ltd.
101 N. Wacker Dr., Ste. 605
Chicago, Illinois   60606
312.726.1092 (office)
312.726.1093 (fax)