# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY HOVANEC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Judge Bucklo** |
| | ) | |
| **-vs-** | ) | **Case No.:     10 C 7672** |
| | ) | |
| **MRS BPO, LLC,** | ) | **Magistrate Judge Cole** |
| | ) | |
| **Defendant.** | ) | |

**MRS BPO, LLC'S RESPONSES TO PLAINTIFF'S**
**FIRST DISCOVERY REQUESTS**

NOW COMES defendant MRS BPO, LLC (MRS) through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 33, 34 and 36, hereby submits the following responses to Plaintiff's First Discovery Requests.

**REQUESTS FOR ADMISSION**

1.      MRS has an automatic telephone dialing system.

   **Response:     Denied.**

   2.      MRS has a predictive telephone dialing system.

   **Response:     Objection.   The term "predictive dialer" has not been defined and is subject to multiple interpretations.   Subject to and without waiving this objection, MRS denies that it uses a predictive dialer that has the capacity to store or produce numbers using a random or sequential number generator.**

   3.      MRS has equipment which has the capacity to store or produce telephone numbers to be called using a random or sequential generator.

**Response:     Denied.**

4.     MRS has equipment which has the capacity to dial telephone numbers stored or produced using a random or sequential generator.

**Response:     Denied.**

5.     MRS used equipment which has the capacity to dial telephone numbers stored or produced using a random or sequential generator to call Ms. Hovanec.

**Response:     Denied.**

6.     MRS uses an automatic dialing system to telephone some customers.

**Response:     Denied.**

7.  MRS uses an automatic dialing system to telephone all customers.

**Response:     Denied.**

8.     MRS has equipment which has the capacity to dial numbers without human intervention.

**Response:     Denied.**

9.     MRS has equipment which has the capacity to dial numbers regardless of whether live employees are present.

**Response:     MRS denies that it has equipment that can dial numbers without human involvement, but admits that the human involvement is not necessary at the time that the call is made so that numbers can be dialed regardless of whether live employees are present at the time the call is placed.**

10.     MRS has equipment which has the capacity to dial numbers regardless of whether live employees are present and if a live person answers will connect that person with a MRS employee.

**Response:   Objection.   This request is an improper compound request. Subject to this objection, MRS denies that it has equipment that can dial numbers without human involvement, but admits that the human involvement is not necessary at the time that the call is made so that numbers can be dialed regardless of whether live employees are present at the time the call is placed.   MRS further admits that under certain calling campaigns, when a call if made through the dialer, that call will be connected to an MRS employee when answered by a "live person."**

11.     Defendant has called plaintiff's cellular telephone on or after December 2, 2006.

**Response:   The information known or reasonably available to MRS is insufficient for it to either admit or deny this request.   MRS was calling a person identified as Kimberly Hovanec on a number reasonably believed to be a permitted contact number for that person.   MRS does not know if the number being called was a cellular telephone, nor if plaintiff was the subscriber for that telephone.   As alleged in the complaint, plaintiff was the victim of identity theft, and therefore would not be the person that MRS was attempting to contact.**

12.     MRS called Ms. Hovanec using an automatic dialing system.

**Response:   Denied.**

13.     MRS called Ms. Hovanec's cellular telephone using an automatic dialing system.

**Response:     Denied.**

14.     Some or all of the telephone calls to Ms. Hovanec were made with an automatic telephone dialing system and/or an artificial or prerecorded voice.

**Response:     Denied.   Further, if plaintiff was the victim of identify theft as alleged, MRS was not calling plaintiff.**

15.     It is the policy and practice of MRS to make some calls to customers and/or third parties using automatic telephone dialing systems.

**Response:     Denied.**

16.     Ms. Hovanec did not give MRS express consent to receive autodialed calls on her cellular telephone.

**Response:     The information known or reasonably available to MRS is insufficient to permit MRS to either admit or deny this request.   MRS was calling a number attempting to reach a consumer that, upon information and belief, had provided consent to receive calls on a cellular phone by providing that number to the original creditor, Capital One Auto Finance.    To the extent that plaintiff was the consumer, denied.**

17.     MRS obtained Ms. Hovanec's cell phone number by obtaining a skip-tracing report related to her.

**Response:     Denied.**

18.     Ms. Hovanec did not give MRS permission to obtain a skip-tracing report regarding her.

**Response:     Objection; this request is vague, ambiguous and not relevant or reasonably tailored to lead to the discovery of admissible information.  Subject to and without waiving this objection, admitted upon information and belief.**

19.     MRS made over 1,000,000 telephone calls between December 2, 2006 and December 22, 2010 using an automatic dialing system.

**Response:     Denied.**

20.     MRS made over 1,000.000 telephone calls between December 2, 2006 and December 22, 2010 to cellular telephones with a system that has the capacity to autodial.

**Response:     Denied.**

21.     MRS made over 1,000,000 telephone calls between December 2, 2006 and December 22, 2010 to cellular telephones with a predictive dialing system.

**Response:     Objection.  The term "predictive dialer" has not been defined and is subject to multiple interpretations.  Subject to and without waiving this objection, MRS denies that it uses a predictive dialer that has the capacity to store or produce numbers using a random or sequential number generator to make any calls.**

22.     Between December 2, 2006 and December 22, 2010, MRS had no policy, or procedure whereby MRS would predetermine whether a telephone number was a cellular number before calling.

**Response:     Denied.**

23.    There are more than 50 persons in the state of Illinois with whom defendant left voice messages that do not disclose that the message is from a debt collector on or after December 2, 2009, and on or before December 22, 2010.

**Response:    Denied upon information and belief.**

24.    There are more than 100  persons in the state of Illinois with whom defendant left voice messages that do not disclose that the message is from a debt collector on or after December 2, 2009, and on or before December 22, 2010.

**Response:    Denied upon information and belief.**

25.    There are more than 1,500 persons in the state of Illinois with whom defendant left voice messages that do not disclose that the message is from a debt collector on or after December 2, 2009, and on or before December 22, 2010.

**Response:    Denied upon information and belief.**

26.    There are more than 10,000 persons in the state of Illinois with whom defendant left voice messages that do not disclose that the message is from a debt collector on or after December 2, 2009, and on or before December 22, 2010.

**Response:    Denied upon information and belief.**

27.    Defendant had no procedures in place between August and November 2010 that were designed to prevent or avoid the violation alleged in this case from occurring.

**Response:    Objection; this request is vague, ambiguous and confusing because the "violation alleged" is not adequately defined.  Assuming the "violation alleged" relates to those stated in the complaint, and subject to and without waiving the objection, denied.**

28.     Defendant's net worth is greater than $1,000,000.

**Response:     Denied.**

29.     Defendant's net worth is greater than $10,000,000.

**Response:     Denied.**

30.     Defendant's net worth is greater than $50,000,000.

**Response:     Denied.**

## INTERROGATORIES

1.     State the name, most current home address, title and job description of each person (including present or former officers and/or employees) who made any telephone call in connection with Ms. Hovanec.

**Answer:     Objection; this interrogatory is overbroad and excessive in that it seeks the confidential and private information of third parties to this suit.  MRS will agree to provide location information for those employees that are no longer employed with MRS.  Subject to and without waiving this objection:**

**Katie Layman**
**Collection Associate**
**1930 Olney Avenue**
**Cherry Hill, New Jersey,  08003**

**Ellis Hester**
**Collection Associate**
**1930 Olney Avenue**
**Cherry Hill, New Jersey,  08003**

**Robert Flaemig**
**Collection Associate**
**1930 Olney Avenue**
**Cherry Hill, New Jersey,  08003**

**Jennifer Still**
**Collection Associate**
**1930 Olney Avenue**
**Cherry Hill, New Jersey, 08003**

2.      Identify all machines by model, supporting system and dates/time used that were used to make any telephone call in connection with Ms. Hovanec.

**Answer:      Objection.      This interrogatory is overly broad, unduly cumbersome, excessive in scope and not relevant or reasonably tailored to lead to the discovery of admissible information.   Subject to and without waiving this objection, pursuant to Fed.R.Civ.P. 33(d), MRS' account records will be produced upon entry of a protective order.**

3.      Identify all credit reports, skip-tracing reports or Accurint reports obtained relating to Ms. Hovanec.

**Answer:      Objection.      This interrogatory is overly broad, unduly cumbersome, excessive in scope and not relevant or reasonably tailored to lead to the discovery of admissible information.   Subject to and without waiving this objection, pursuant to Fed.R.Civ.P. 33(d), MRS' account records will be produced upon entry of a protective order.**

4.      State the name, employer, most current home address, title and job description of each person (including present or former third parties, officers and/or employees) who is responsible for your telephony systems and operations, and state specifically what that person's duties with respect to telephony are.

**Answer:** **Objection; this interrogatory is overbroad and excessive in that it seeks the confidential and private information of third parties to this suit. MRS will agree to provide location information for those employees that are no longer employed with MRS. Subject to and without waiving this objection, Sr. Director of Dialer Strategy, Chad McCormick can be contacted through counsel.**

5.      Explain how MRS obtained Ms. Hovanec's cellular phone numbers.

**Answer:** **Objection; this interrogatory is vague and ambiguous because it is unclear what number plaintiff claims is her cellular telephone. Subject to and without waiving this objection, upon information and belief, MRS obtained the cellular number it called in relation to Ms. Hovanec's account from the original creditor, Capital One Auto Finance.**

6.      Explain any and all bases for MRS to obtain either a credit report, skip-trace report or Accurint report relating to Ms. Hovanec.

**Answer:** **Objection; this interrogatory is not relevant or reasonably tailored to lead to the discovery of admissible information. None of plaintiff's claims relate to the propriety of MRS possibly obtaining a credit report, skip trace report or obtaining an Accurint report.**

7.      Identify and explain all policies, practices and procedures regarding use of automatic dialing systems and the complete history of each. Please include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented, all persons involved in its consideration, implementation and, if applicable, termination.

**Answer:** **Objection; this interrogatory is overbroad, excessive in time and scope and properly suited for a deposition because it calls for a narrative response. Subject to and without waiving this objection, none. MRS does not use an automatic telephone dialing system.**

8. Identify and explain all policies, practices and procedures regarding calls made by MRS to cellular telephones and the complete history of each. Please include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented, all persons involved in its consideration, implementation and, if applicable, termination. Please respond to this interrogatory without regard to time; in other words, disregard the time frame set forth in the instructions for these requests.

**Answer:** **Objection; this interrogatory is overbroad, excessive in time and scope and properly suited for a deposition because it calls for a narrative response. Subject to and without waiving this objection, see documents produced in response to plaintiff's Request for Production of Documents.**

9. If you contend that any person you have called on their cell phone between December 2, 2006 and December 22, 2010, consented to be called on their cellular telephone, either through use of an automatic dialing system or otherwise, by you, identify the basis for such contention specifically for each person, including specific identification of all documents or things that support this contention.

**Answer:** **Objection; this interrogatory is overbroad, excessive in time and scope and properly suited for a deposition because it calls for a narrative response. Subject to and without waiving this objection, unknown. Objecting further, this**

**information is not in the possession, custody or control of MRS. As noted by the FCC, the creditor is in the best position to maintain responsive records. As it relates to plaintiff, MRS believes, upon information and belief, that plaintiff provided the number being called to the original creditor, thereby consenting to the calls from MRS. Investigation continues.**

10.     Describe all document destruction and retention policies of MRS.

**Answer:     Objection; this interrogatory seeks information that contains the confidential, proprietary and sensitive business information of MRS. Subject to and without waiving this objection,  a copy of the policy will be produced upon entry of a Protective Order.**

11.     State whether you have ever taken any measures or actions to attempt to identify whether any telephone number was a cellular telephone number.  If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions.  If not, please explain why not.

**Answer:     Objection; this interrogatory is overbroad, excessive in time and scope and properly suited for a deposition because it calls for a narrative response. Subject to and without waiving this objection, MRS performs a daily scrub to identify possible cell numbers prior to loading the account into the dialer.**

12.     State the number and identify each person (a) to whom MRS; (b) made a call to the person's cellular telephone; (c) through use of an automatic telephone dialing system, and/or a system that has the capacity to autodial; and (d) the call was made at any

time after December 2, 2006 and through December 22, 2010.  Please include the date of each call.  If you contend that a response to this interrogatory is impossible, please explain why with specificity, and provide the most complete response possible.

**Answer:       Objection; this interrogatory is overbroad, excessive in time and scope, seeks information that is outside the possession, custody or control of MRS and is premature in that a class has not been certified.  Subject to and without waiving this objection, responding to this interrogatory is impossible for the following reasons:**

**1.       MRS does not know and has no ability to go back and determine if calls that were made since December 2, 2006 were made to a cellular telephone at the time the call was placed.  The person that was called would need to answer this question.**

**2.       MRS does not use an automatic telephone dialing system.**

**3.       MRS does not use a system that has the capacity to store or generate numbers to be called in a random or sequential number generator.**

**4.       MRS believes that any calls that would have been made through its dialer to a number that was a cellular telephone were made with the prior express consent of the party being called.**

13.    If you contend that any person responsive to interrogatory 12 provided express consent to receive telephone calls on a cellular telephone, please explain the basis for such contention specifically, including citation to the bates number of all documentary evidence you contend supports such.

**Answer:** **See MRS' answer to interrogatory number 9.**

14. With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**Answer:** **MRS has not yet decided if it will disclose expert witnesses in this case. MRS will supplement this response pursuant to Fed.R.Civ.P. 26 and the applicable case management order.**

15. State the precise factual basis for any defense that defendant's actions with respect to plaintiff and/or the class were intentional and/or resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**Answer:** **Objection; this interrogatory is overbroad, excessive in time and scope and properly suited for a deposition because it calls for a narrative response. Objecting further, this interrogatory improperly assumes that an alleged violation actually occurred, and therefore assumes facts not in evidence. Subject to and without waiving this objection, to the extent this interrogatory relates to the alleged violations of § 1692d(6) and § 1692e(10), MRS' policies in 2009 and 2010 were to provide the required disclosures when communicating with consumers. To the**

**extent this interrogatory relates to an alleged violation of § 1692g, MRS sent the initial notice to consumers in 2009 and 2010, including plaintiff.**

16.     Describe and explain all procedures defendant maintained during 2009 to 2010, that were designed to prevent the FDCPA violations alleged in the complaint.

**Answer:     Objection.     This interrogatory improperly assumes that an alleged violation actually occurred, and therefore assumes facts not in evidence. Subject to and without waiving this objection, to the extent this interrogatory relates to the alleged violations of § 1692d(6) and § 1692e(10), MRS' policies in 2009 and 2010 were to provide the required disclosures when communicating with consumers. To the extent this interrogatory relates to an alleged violation of § 1692g, MRS sent the initial notice to consumers in 2009 and 2010, including plaintiff.**

17.     Please provide the name and job titles and job descriptions of all persons (including third parties) responsible for designing and/or maintaining any procedures or policies referenced in interrogatories 15 and 16.

**Answer:     Bill Branshaw, COO**

**Jeff Freedman, CEO**

**Saul Freedman, CEO**

**Maggie Adams, Director of Compliance**

18.     Identify and explain all policies and procedures defendant had in place on and after December 2, 2009, to ensure that it did not violate the FDCPA relating to messages left, and the dates such policies and procedures were initiated and terminated, if they were terminated.

**Answer:** **See MRS' answer to interrogatory number 16.**

19.     Identify and explain all policies and procedures defendant had in place on and after December 2, 2009, to ensure that it did not violate the FDCPA relating to written notification of indebtedness and the right to dispute and the dates such policies and procedures were initiated and terminated, if they were terminated.

**Answer:** **See MRS' answer to interrogatory number 16.**

20.     Identify all trade associations, publications and periodicals relating to debt collection or debt buying to which you belong or subscribe.

**Answer:** **Objection. This interrogatory is overly broad, excessive in time and scope and is not relevant or reasonably tailored to lead to the discovery of admissible information.**

21.     State the net worth of defendant.

**Answer:** **A copy of MRS' most recent audited statement of net worth will be produced in response to plaintiff's Request for Production of Documents upon entry of a Protective Order.**

22.     State the number and identify of all persons in the State of Illinois with whom defendant left voice messages that do not disclose that the message is from a debt collector on or after December 2, 2009, and on or before December 22, 2010.

**Answer:** **Objection. This request is unduly burdensome and cumbersome because MRS lacks the ability to respond to this inquiry without performing a manual review of every account in its system. Upon information and belief, the messages left for plaintiff were manual messages. MRS has no meaningful ability**

to determine which consumers might have received manual messages that did not disclose the message was from a debt collector.

23.     State with specificity the factual basis for each of your affirmative defenses.

**Answer:     Objection.     This interrogatory is overly broad, unduly cumbersome and is premature in that discovery has just begun.  Subject to and without waiving this objection, MRS' affirmative defenses were raised predicated on the assumption that plaintiff would first be able to establish a violation of the law; a pre-condition that is expressly denied.  MRS will supplement this answer. See also MRS' answer to interrogatory number 16.**

24.     State with specificity the legal basis for each of your affirmative defenses.

**Answer:     See MRS' answer to Interrogatory number 23.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents relating to Ms. Hovanec, or which are indexed, filed or retrievable under Ms. Hovanec's name, telephone number, or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Ms. Hovanec.

**Response:     Objection.  Plaintiff alleges that she was the victim of identity theft, and therefore would not be the person MRS was attempting to contact in relation to the debt owed to Capital One Auto Finance.  Subject to this objection, MRS' account notes will be produced upon entry of a Protective Order.**

2.     All documents transmitted to Ms. Hovanec. Please include the "form" for any letter or document which you sent but for which you do not have a precise copy.

**Response:** **Objection. Plaintiff alleges that she was the victim of identity theft, and therefore would not be the person MRS was attempting to contact in relation to the debt owed to Capital One Auto Finance. Subject to this objection, a copy of MRS' letter will be produced upon entry of a Protective Order.**

3.     All contracts or manuals regarding the telephone and communication system used to call Ms. Hovanec or any noncustomer relating to Ms. Hovanec's account.

**Response:** **Objection. This request is overly broad, vague, ambiguous, ill-defined, excessive in time and scope and assumes facts not in evidence related to plaintiff being a "noncustomer". Subject to and without waiving this objection, responsive documents will be produced upon entry of a Protective Order.**

4.     For each person identified in response to interrogatories 9, 12-13, please provide any and all documents, data or things that show the individual's express consent to receive telephone calls on a cellular telephone, or to receive call on their cellular phone through use of an automatic telephone dialing system or a system that has the capacity to autodial.

**Response:** **See MRS' answer to Interrogatory numbers 9, 12 and 13.**

5.     For each putative class member as the classes are defined in the Complaint, produce all documents that demonstrate that defendant had prior express consent to call such person through use of an automatic telephone dialing system or a system that has the capacity to autodial.

**Response:** **Objection. This request is overly broad and outside the scope of permitted discovery under Fed.R.Civ.P. 34 as these materials are beyond the care,**

**custody or control of MRS and would be in the possession of the creditors on whose behalf MRS was placing telephone calls. See also MRS' answer to Interrogatory numbers 9, 12 and 13.**

6.      All records of outgoing calls made to cellular phones with either an automatic dialing system, predictive dialing system or a system that has the capacity to autodial since December 2, 2006 and December 22, 2010.

**Response:    Objection.    This request is overly broad and unduly cumbersome, and seeks information that is not in the possession, care, custody or control of MRS.    MRS cannot determine whether calls it placed since December 2, 2006 were made to a phone that was a cellular phone at the time the call was placed. This information would be within the possession of the person that was called. Subject to and without waiving this objection, none.    MRS does not use an automatic dialing system as defined by the TCPA.**

7.      Please do a manual and computer search (irrespective of date) for all documents, emails or things in your possession that mention the following specific terms.

        a.      "Telephone Consumer Protection Act";

        b.      "TCPA";

        c.      "autodialer"'

        d.      "auto" within 5 words of "dial";

**Response:    Objection.    This request is excessive in time and scope, is overly cumbersome and burdensome and is beyond the scope of the applicable rules. Fed.R.Civ. P. 34 does not require the performance of such a search.**

8.      All manuals, communications and other documents relating to telephony hardware, software and other telephone equipment used to call Ms. Hovanec or the putative class.

**Response:    Objection.  This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope.  Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

9.      All invoices for telephony equipment or software, including but not limited to automatic dialing systems.

**Response:    Objection.  This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope.  Objecting further, this request is not relevant or reasonably tailored to lead to the discovery of admissible information.  Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

10.     All contacts, agreements, manuals, and communication with third parties concerning telephony and dialing telephone calls.

**Response:    Objection.  This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope.  Objecting further, this request is not relevant or reasonably tailored to lead to the discovery of admissible information.  Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

11.     All documents that discuss or relate to policies, practices or procedures associated with making telephone calls to customers cellular phones, including but not limited to use of an automatic dialing system.

**Response:    Objection.  This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope.  Objecting further, this request is not relevant or reasonably tailored to lead to the discovery of admissible information.  Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

12.     All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to the Telephone Consumer Protection Act as they relate to making telephone calls.

**Response:    Objection.  This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope.  Objecting further, this request is not relevant or reasonably tailored to lead to the discovery of admissible information.  Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

13.     All manuals, memoranda, emails, data, instructions, and other documents setting forth defendant's policies, procedures or practices relating to the collection of debts by means of telephone calls, including but not limited to the use of automatic telephone dialing systems.

**Response:    Objection.  This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope.  MRS does not use an automatic**

**telephone dialing system. Objecting further, this request is not relevant or reasonably tailored to lead to the discovery of admissible information.**

14.    All documents from ACA International or any third party that concern making telephone calls to customers' cellular phones, including but not limited to flyers, publications, emails, audio files and presentations.

**Response: Objection. This request is outside the permitted scope of Fed.R.Civ.P. 34 as the materials requested are the proprietary information of a third party that is not a party to this suit, and outside the possession, care, control or custody of MRS.**

15.    All documents from any source that concern the legality or propriety of making telephone calls to customers' cellular phones.

**Response: Objection. This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope. Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

16.    All documents relating to any judicial or administrative proceeding (irrespective of date) in which defendant was accused of violating the Telephone Consumer Protection Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities, where the accusation concerns telephone calls to cellular phones.

**Response: Objection; said request is overly broad, unduly cumbersome, burdensome and oppressive, ill-defined, excessive in time and scope, and is neither**

**relevant nor reasonably tailored to lead to the discovery of relevant and admissible information. Objecting further, evidence of other complaints, lawsuits and proceedings filed against MRS is inadmissible and not likely to lead to the discovery of admissible evidence under Rule 404 of the Federal Rules of Evidence when offered to demonstrate that prior complaints, lawsuits and proceedings against MRS are evidence of the validity of Plaintiff's current claims. Therefore, any complaints, lawsuits and proceedings in the past cannot serve to buttress the merits of Plaintiff's case. To the extent Plaintiff seeks matters of public record, such information is equally accessible to Plaintiff and may be readily ascertained by review of respective court records.**

17. All documents (irrespective of date) relating to any claim made against defendant for violating the Telephone Consumer Protection Act, any state statute regulating collection practices, or of committing a tort while engaging in telephone calls to cellular phones.

**Response: Objection; said request is overly broad, unduly cumbersome, burdensome and oppressive, ill-defined, excessive in time and scope, and is neither relevant nor reasonably tailored to lead to the discovery of relevant and admissible information. Objecting further, evidence of other complaints, lawsuits and proceedings filed against MRS is inadmissible and not likely to lead to the discovery of admissible evidence under Rule 404 of the Federal Rules of Evidence when offered to demonstrate that prior complaints, lawsuits and proceedings against MRS are evidence of the validity of Plaintiff's current claims. Therefore, any**

complaints, lawsuits and proceedings in the past cannot serve to buttress the merits of Plaintiff's case. To the extent Plaintiff seeks matters of public record, such information is equally accessible to Plaintiff and may be readily ascertained by review of respective court records.

18.    All documents (irrespective of date) which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column), relating to telephone calls to cellular phones.

**Response:   Objection; said request is overly broad, unduly cumbersome, burdensome and oppressive, ill-defined, excessive in time and scope, and is neither relevant nor reasonably tailored to lead to the discovery of relevant and admissible information.   Objecting further, evidence of other complaints, lawsuits and proceedings filed against MRS is inadmissible and not likely to lead to the discovery of admissible evidence under Rule 404 of the Federal Rules of Evidence when offered to demonstrate that prior complaints, lawsuits and proceedings against MRS are evidence of the validity of Plaintiff's current claims. Therefore, any complaints, lawsuits and proceedings in the past cannot serve to buttress the merits of Plaintiff's case. To the extent Plaintiff seeks matters of public record, such information is equally accessible to Plaintiff and may be readily ascertained by review of respective court records.**

19.    All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

**Response:    Objection.  This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope.  Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

20.    All organizational charts of defendant for the department that contacted [name of plaintiff] or the departments responsible for purchasing or maintaining the communications system that was used to call Ms. Hovanec.

**Response:    Objection.  This request is not relevant or reasonably tailored to lead to the discovery of admissible information.  Subject to and without waiving this objection, investigation continues.**

21.    All documents concerning or relating to any effort, ever, by MRS to determine a process, policy or practice whereby you could determine whether a telephone number is or was a cellular telephone number.

**Response:    Objection.  This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope.  Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

22.    All documents concerning or relating to any effort, ever, by MRS to determine a process, policy or practice whereby MRS could comply with the TCPA.

**Response: Objection. This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope. Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

23. All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

**Response: A copy of the policy, which may provide coverage for the claims asserted, will be produced upon entry of a Protective Order.**

24. All statistics, studies and/or reports concerning the use of telephony and/or the use of automatic telephone dialing systems or system with the capacity to autodial.

**Response: Objection. This request is overly broad, vague, ambiguous, ill-defined, and excessive in time and scope.**

25. All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones.

**Response: Objection. This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope. Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

26. Your entire file, including any documents or data that show consent to receive calls on cellular telephones. If you contend that a complete response to this

request is impossible or impracticable, please explain why with specificity, and provide the most complete response possible.

**Response:** **Objection. This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope. No such single file is maintained, and this information would be maintained in individual accounts, and with the creditor that placed the respective account with MRS.**

27. All documents transmitted to plaintiff by defendant with respect to the alleged debt of plaintiff.

**Response:** **See MRS' response to request number 2.**

28. All documents relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

**Response:** **See MRS' response to request number 1.**

29. All documents relating to any transfer of any ownership or interest in the alleged debt of plaintiff, including assignments, sales agreements, trust documents and investment vehicles.

**Response:** **Objection. This request is not relevant or reasonably tailored to lead to the discovery of admissible information. This request also seeks production of the confidential and proprietary information of third parties. Subject to and without waiving this objection, none upon information and belief.**

30. All agreements between defendant and any parent companies that pertain to plaintiff or the portfolio that plaintiff's loan has ever been included in.

**Response: None.**

31.     All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to leaving messages for debtors and providing written notification of indebtedness and right to dispute the debt.

**Response: Objection. This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope. Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

32.     All manuals, memoranda, instructions, and other documents setting forth defendant's policies, procedures or practices relating to the collection of debts.

**Response: Objection. This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope. Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

33.     All documents relating to any judicial or administrative proceeding (irrespective of date) in which defendant was accused of violating the Fair Debt Collection Practices Act or any state statute regulating collection practices relating to leaving messages, providing written notification of indebtedness and right to dispute the debt.

**Response: Objection; said request is overly broad, unduly cumbersome, burdensome and oppressive, ill-defined, excessive in time and scope, and is neither**

relevant nor reasonably tailored to lead to the discovery of relevant and admissible information. Objecting further, evidence of other complaints, lawsuits and proceedings filed against MRS is inadmissible and not likely to lead to the discovery of admissible evidence under Rule 404 of the Federal Rules of Evidence when offered to demonstrate that prior complaints, lawsuits and proceedings against MRS are evidence of the validity of Plaintiff's current claims. Therefore, any complaints, lawsuits and proceedings in the past cannot serve to buttress the merits of Plaintiff's case. To the extent Plaintiff seeks matters of public record, such information is equally accessible to Plaintiff and may be readily ascertained by review of respective court records.

34. All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the Fair Debt Collection Practices Act, or state statutes regulating debt collection activities, or collection practices relating to leaving messages, providing written notification of indebtedness and right to dispute the debt.

**Response: Objection; said request is overly broad, unduly cumbersome, burdensome and oppressive, ill-defined, excessive in time and scope, and is neither relevant nor reasonably tailored to lead to the discovery of relevant and admissible information. Objecting further, evidence of other complaints, lawsuits and proceedings filed against MRS is inadmissible and not likely to lead to the discovery of admissible evidence under Rule 404 of the Federal Rules of Evidence when offered to demonstrate that prior complaints, lawsuits and proceedings against**

**MRS are evidence of the validity of Plaintiff's current claims. Therefore, any complaints, lawsuits and proceedings in the past cannot serve to buttress the merits of Plaintiff's case. To the extent Plaintiff seeks matters of public record, such information is equally accessible to Plaintiff and may be readily ascertained by review of respective court records.**

35.    All documents (irrespective of date) which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau), relating to collection activities of defendant.

**Response:    Objection; said request is overly broad, unduly cumbersome, burdensome and oppressive, ill-defined, excessive in time and scope, and is neither relevant nor reasonably tailored to lead to the discovery of relevant and admissible information.    Objecting further, evidence of other complaints, lawsuits and proceedings filed against MRS is inadmissible and not likely to lead to the discovery of admissible evidence under Rule 404 of the Federal Rules of Evidence when offered to demonstrate that prior complaints, lawsuits and proceedings against MRS are evidence of the validity of Plaintiff's current claims. Therefore, any complaints, lawsuits and proceedings in the past cannot serve to buttress the merits of Plaintiff's case. To the extent Plaintiff seeks matters of public record, such information is equally accessible to Plaintiff and may be readily ascertained by review of respective court records.**

36.    All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Fair Debt Collection Practices Act.

**Response:    Objection.  This request is overly broad, vague, ambiguous, ill-defined, and is excessive in time and scope.  Subject to and without waiving this objection, any responsive documents will be produced upon entry of a Protective Order.**

37.    All insurance policies that may afford coverage with respect to the matters complained of, together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

**Response:    See MRS' response to request number 23.**

38.    All documents relating to the maintenance by defendant of procedures adapted to avoid the alleged violations of the Fair Debt Collection Practices Act.

**Response:    See MRS' response to request number 36.**

39.    All documents tending to show that the violation alleged herein was the result of a bona fide error notwithstanding defendant's maintenance of procedures to avoid such.

**Response:    See MRS' response to request number 36.**

40.    All documents setting forth defendant's document destruction and retention policies.

**Response:    A copy will be produced upon entry of a Protective Order.**

41.     All organizational charts of defendant, including charts that show defendant's employees and their locations, as well as the relationship between the defendants.

**Response:     See MRS' response to request number 20.**

42.     Annual financial statements, annual reports, semiannual and quarterly financial statements, credits applications and tax returns for the last three years.

**Response:     A copy of the audited statement will be produced upon entry of a Protective Order.**

43.     Defendant's complete file for every person in the state of Illinois with whom defendant left voice messages that do not disclose that the message is from a debt collector on or December 2, 2010, and on or before December 22, 2010.

**Response:     Objection.  This request is unduly burdensome and cumbersome because MRS lacks the ability to respond to this inquiry without performing a manual review of every account in its system.  Upon information and belief, the messages left for plaintiff were manual messages.   MRS has no meaningful ability to determine which consumers might have received manual messages that did not disclose the message was from a debt collector.**

44.     Defendant's complete file for every person in the state of Illinois to whom defendant failed to provide written notification of indebtedness and right to dispute the debt on or December 2, 2010, and on or before December 22, 2010.

**Response:  Objection.  This request is unduly burdensome and cumbersome because MRS lacks the ability to respond to this inquiry without performing a manual review of every account in its system.  Upon information and belief, none.**

45.    All documents produced in response to formal or informal discovery requests in *Mack v. MRS Associates Inc.,* Case No. 10-cv-4244 (N.D. Ill.).

**Response:  Objection.  This request is overly broad, excessive in scope and not reasonably related to the claims in this case, so that the discovery is not relevant or reasonably tailored to lead to the discovery of admissible information.**

As to Objections:

/s/ James K. Schultz
Attorney for MRS BPO, LLC

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe Street
 Suite 1120
Chicago, Illinois  60603
Telephone:  (312) 578-0993
Facsimile:  (312) 578-0991
E-Mail:      jschultz@sessions-law.biz

Attorneys for MRS BPO, LLC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of March, 2011, a copy of the foregoing

**MRS's Answers to Plaintiff's First Discovery Requests** was served on the following

attorneys of record via electronic mail at the address below.

Keith J. Keogh
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 West Monroe Street, Suite 2000
Chicago, IL 60606
keith@keoghlaw.com


/s/ James K. Schultz_____
Attorney for Defendant MRS